# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAKA GILBERT,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>        Respondent. | Case No. EDCV 19-0756-DSF (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On April 24, 2019, Chaka Gilbert ("Petitioner"), a civil detainee housed at Coalinga State Hospital, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the Court finds that the Petition should be dismissed.

**DISCUSSION**

**I.  Duty to Screen**

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

## II. The Petition Should Be Dismissed

The Court's review of the Petition reveals that it is facially deficient and should be dismissed. As an initial matter, the Petition is essentially unintelligible, and Petitioner has failed to articulate any legal claims for relief or the factual basis for those claims. It appears that Petitioner has been civilly committed to Coalinga State Hospital pursuant to a state court judgment. A petitioner in custody pursuant to the judgment of a state court may challenge his confinement "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Plaintiff does not offer a constitutional basis for challenging his confinement. Accordingly, Petitioner fails to state a cognizable claim for habeas relief under 28 U.S.C. § 2254.

Moreover, Petitioner has failed to demonstrate that he has exhausted his state remedies as to any claim that he is in state custody in violation of federal law. Federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). "To exhaust state remedies, petitioner must present each of his claims to the state's highest court. In turn, the state's highest court must have disposed of each claim on the merits." James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994) (citing Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979)). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has not met his burden of demonstrating that he has exhausted available state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); see also Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).[1]

---

[1] Petitioner also has failed to name a respondent. If Petitioner chooses to file another habeas action in the future, he must name as the respondent the warden or administrator of the facility where he is currently confined. See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v.

### III. Dismissal Without Prejudice Is Appropriate

This is at least the seventh habeas petition filed by Petitioner in this Court.[2] All of the prior petitions were facially deficient. The first four of these petitions initially were dismissed with leave to amend and ultimately were dismissed without prejudice for failure to prosecute and/or failure to comply with a court order because Petitioner did not file an amended petition. The fifth and sixth petitions were summarily dismissed without prejudice in light of Petitioner's longstanding pattern of filing defective petitions. Given this pattern and the absence of a cognizable federal habeas claim in the instant Petition, the Court finds that affording leave to amend would be futile and dismissal without prejudice is appropriate.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has found that the Petition should be dismissed without prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

### ORDER

Based on the foregoing, IT IS ORDERED THAT: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: May 9, 2019

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

[2] Case No. EDCV 12-1446-DSF (JEM); Case No. EDCV 17-0855-DSF (JEM); Case No. EDCV 17-1105-DSF (JEM); Case No. EDCV 18-1055-DSF (JEM); Case No. EDCV 19-0448-DSF (JEM); Case No. EDCV 19-0502-DSF (JEM).